IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEONARD A. MORRISON, III,

    Plaintiff,

v.                                            Civil Action No. 3:19CV77

NURSE HEFFNER, et al.,

    Defendants.

## MEMORANDUM OPINION

Leonard A. Morrison, III, a Virginia inmate proceeding pro se and in forma pauperis filed this action. The matter is before the Court on Morrison's failure to serve Defendants Heffner and Moreno in the time required by Federal Rule of Civil Procedure 4(m).[1]

Pursuant to Federal Rule of Civil Procedure 4(m), Morrison had ninety (90) days from the filing of the complaint to serve the defendants. Accordingly, by Memorandum Order entered on October 25, 2019, the Court informed Morrison that he had 90 days to serve

---

[1] Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

the defendants and needed to promptly provide the Court with their addresses. Morrison did not respond to that Memorandum Order. Accordingly, by Memorandum Order entered on March 5, 2020, the Court directed Morrison to show good cause for his failure to serve the defendants.

On March 23, 2020, Morrison responded that he did not receive the October 25, 2019 Memorandum Order. By Memorandum Order entered April 30, 2020, the Court directed the Clerk to mail Morrison a copy of the October 25, 2019 Memorandum Order and directed Morrison to provide the Court with the addresses for the defendants within thirty (30) days of the date of entry thereof.

Morrison responded by asking the Court to appoint counsel to assist him. By Memorandum Order entered July 7, 2020, the Court denied Morrison's Motion for Appointment of Counsel and once again directed him to promptly provide the Court with the addresses for the defendants.

On July 22, 2020, Morrison stated some of the defendants may have left the employ of the Hampton Roads Regional Jail, but the best address he had for the defendants was the Hampton Roads Regional Jail ("Jail") at 2690 Elmhurst Lane, Portsmouth, Virginia 23701. By Memorandum Order entered on September 3, 2020, the Court directed the Marshal to serve the defendants at the address provided by Morrison. The Court further directed the Marshal to

send a copy of USM 285 Form to Morrison reflecting whether service at the address provided was successful.

On October 20, 2020, the Marshal returned the summonses for Defendants Heffner and Moreno unexecuted. Presumably, the Marshal mailed the USM 285 Form to Morrison reflecting that he was unable to serve Defendants at the Jail because they no longer worked at the Jail. By Memorandum Order entered on February 2, 2021, the Court directed Morrison to show good cause for his failure to serve Defendants Heffner and Moreno in a timely manner.

Morrison responded and asserted: (1) he "never received any memorandum requesting an address be provided for Dr. Moreno. If [he] had the plaintiff would have informed the Courts that Dr. Moreno was fired by the facility . . . ."; (2) his incarceration status makes it difficult for him to obtain addresses for individuals like these defendants. (ECF No. 40, at 1.) As explained below, Morrison fails to demonstrate good cause.

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." Venable v. Dep't of Corr., No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. See

3

McCollum v. GENCO Infrastructure Sols., No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, T & S Rentals, 164 F.R.D. at 425 (citing Prather v. Raymond Constr. Co., 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. McCollum, 2010 WL 5100495, at *2 (citing Robinson v. Fountainhead Title Grp. Corp., 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." Venable, 2007 WL 5145334, at *1 (quoting Vincent v. Reynolds Mem'l Hosp., 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's pro se status into consideration when coming to a conclusion on good cause, Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither pro se status nor incarceration alone constitute good cause. Sewraz v. Long, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Morrison, not the Court, nor the United States Marshal's service, is responsible for providing the appropriate addresses for serving a defendant. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding in forma

4

pauperis retain responsibility for providing address at which service can be effectuated); see also Geter v. Horning Bros. Mgmt., 502 F. Supp. 2d 69, 70 n.3 (D.D.C. 2007) (advising that in forma pauperis status conveys right to have court effect service only to extent plaintiff provides a valid address).

Morrison's suggestion that he was unaware that he needed to provide an address for Defendant Moreno is simply not true. On multiple occasions he was told that he needed to provide appropriate addresses for all defendants. Moreover, Morrison has failed to identify any effort at all on his part to find appropriate addresses for Defendants Moreno or Heffner. Thus, Morrison fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." Venable, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendants Moreno and Heffner will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Morrison and counsel of record.

It is so ORDERED.

/s/ *[signature]*
Robert E. Payne
Senior United States District Judge

Date: May 12, 2021
Richmond, Virginia

5